IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THOMAS KELLY, ) <br> ) <br> Defendant. ) <br> _____) | No. 2:22-cv-04642-DCN <br><br> **ORDER** |

This matter is before the court on plaintiff Progressive Northern Insurance Company's ("Progressive") motion for summary judgment, ECF No. 10. For the reasons set forth below, the court grants Progressive's motion.

## I. BACKGROUND

The facts of this declaratory judgment action are not in dispute, and the only issue is whether uninsured motorist ("UM") coverage is available to defendant Thomas Kelly ("Kelly") under his auto insurance policy. ECF Nos. 10 at 2; 15 at 2. On May 14, 2018, Kelly was traveling west on Highway 176 in Berkeley County, South Carolina in his 2001 Dodge truck (the "Dodge truck") while pulling his 2002 Appalachian Trailer (the "Trailer").[1] ECF No. 1, Compl. ¶¶ 8, 16; ECF No. 5, Answer ¶¶ 9, 17; ECF Nos. 10 at 1; 10-1 at 1; 15 at 1. Douglas Alan Charles ("Charles"), who was traveling east on the same highway in a 1997 Honda, crossed the center line and collided with Kelly. ECF No. 10-1 at 1. At the time of the accident, Charles was uninsured. Id.

---

[1] Kelly's Dodge truck was insured by NGM Insurance. ECF No. 10-1 at 1. However, coverage of the Dodge truck is not the subject of this action. See ECF Nos. 10 at 2–3; 15 at 1.

1

The dispute at the heart of this action concerns policy number 06446232-0 (the "Policy"), which Progressive issued and which covers both the Trailer and a 2009 International Pro (the "Pro").[2] Compl. ¶¶ 12, 16, 17; Answer ¶¶ 13, 17, 18; ECF No. 10-2 at 1–2. The Policy's declarations page does not list Kelly as the named insured. See ECF No. 10-2 at 1. Instead, Kelly is listed as a "Rated Driver," and his business—Kelly's Auto Transport, LLC—is listed as the named insured. Id. at 1–2. Nevertheless, Kelly made a claim for UM coverage under the Policy, and he seeks to stack UM coverage associated with the Pro to cover injuries he sustained in the accident. Compl. ¶ 14; ECF No. 15 at 1.

On December 22, 2022, Progressive brought this action to seek a declaratory judgment that it is "not required to provide UM Coverage to [Kelly] in connection with" the accident. Compl. ¶ 27. On June 19, 2023, Progressive filed the motion for summary judgment that is the subject of this order, ECF No. 10, and Kelly responded in opposition on July 13, 2023, ECF No. 15. The court held a hearing on this matter on October 12, 2023. ECF No. 17. As such, the motion is fully briefed and is now ripe for the court's review.

## II.  STANDARD

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly

---

[2] The Pro was not involved in this accident. Compl. ¶ 17; Answer ¶ 18.

2

supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III.  DISCUSSION

"Stacking permits the insured's recovery of damages under more than one policy until the insured satisfies all his damages or exhausts the limits of all available policies." Mangum v. Md. Cas. Co., 500 S.E.2d 125, 127 (S.C. Ct. App. 1998). However, South Carolina law is clear that only Class I insureds are permitted to stack. Ohio Cas. Ins. v. Hill, 473 S.E.2d 843, 845 (S.C. Ct. App. 1996). Thus, "[t]he critical question in determining whether an insured has a right to stack is whether he is a Class I or Class II insured." Concrete Servs., Inc. v. U.S. Fidelity & Guar. Co., 498 S.E.2d 865, 866 (S.C. 1998). Class I insureds are only the named insured, the named insured's spouse, and any relatives of the named insured residing in his household, and Class II insureds are any persons using the vehicle at the time of the accident with the consent of the named insured or any guests in the vehicle. Id. Because this case does not concern a policy held by Kelly's spouse or relatives, the determination of whether he is a Class I insured, and is

thus permitted to stack, comes down to whether he is a named insured in the Policy. See id.; see also ECF Nos. 10 at 2; 15 at 4.

Progressive bases its motion on the fact that Kelly's Auto Transport, LLC (rather than Kelly, himself) is listed as the named insured on the Policy. ECF No. 10 at 2. Progressive argues that, because Kelly is not the named insured, he is not a Class I insured and, thus, cannot stack coverage from the Pro. ECF No. 10 at 2–3.

In response, Kelly argues that, even though he is not listed as the named insured on the Policy's declaration page, he is, nevertheless, the named insured on the Policy for two reasons. First, he claims that the term "rated driver" has no meaning in South Carolina law and is not defined in the Policy. ECF No. 15 at 3 ("Defendant would contend that the term 'Rated Driver' is just made up by the Plaintiff sua sponte, as Defendant has never seen that term before."). Consequently, he says that "Rated Driver" is an ambiguity, which must be construed in his favor as being synonymous with the term "named insured." Id. Second, he argues that, as the sole-member in complete control of Kelly's Auto Transport, LLC, he is the alter-ego of that entity. Id. Consequently, he suggests that he should be permitted to merge with that entity for the purpose of identifying a named insured. Id. at 3–5. He argues that preventing him from doing so would contravene South Carolina's stated public policy preferences because Kelly's Auto Transport, LLC cannot have personal injuries and thus cannot make a personal injury claim under the Policy. Id. at 3–5. Neither of these arguments are persuasive.

As for his first argument, Kelly is correct that the term "Rated Driver" is not defined in the Policy. See ECF No. 10-2. He is also correct that the term appears to be alien to South Carolina law, as neither the parties nor the court have identified any South

Carolina court decisions interpreting the term.  However, the Policy declaration lists only Kelly's Auto Transport, LLC as a "named insured."  ECF No. 10-2 at 1.  Therefore, regardless of the meaning of the term "Rated Driver," Kelly is unambiguously not listed as a "named insured."  See id.

Moreover, the South Carolina Supreme Court has determined that an individual listed as a "driver" in an auto insurance policy declaration is unambiguously not a "named insured," Bell v. Progressive Direct Ins., 757 S.E.2d 399, 405 (S.C. 2014), and the South Carolina Court of Appeals has found that an individual listed as an "operator" in an insurance policy declaration is unambiguously not a "named insured," Ex parte United Services Auto Ass'n, 614 S.E.2d 652, 655 (S.C. Ct. App. 2005).  In so finding, South Carolina courts have followed "[t]he majority view . . . that listing a driver on the declarations page of an insurance policy does not make that person a named insured."  Id. at 654.  Beyond that, courts in several other states have specifically ruled on the term "rated driver" and have overwhelmingly made a distinction between this term and "named insured."  See e.g., Auto Owners Ins. v. Progressive Mich. Ins., 2010 WL 2836347, at *3 (Mich. Ct. App. July 20, 2010) ("Cramer Sr. was named as a rated driver only.  This did not make him a named insured."); Collins v. Auto-Owners Ins., 80 N.E.3d 542, 549–50 (Ohio Ct. App. 2017) (rejecting argument that a person listed as a "Rated Driver" should be considered a "named insured"); Bianchi v. Progressive Nw. Ins., 2010 WL 1424334, at *3 (N.J. Super. Ct. App. Div. Apr. 12, 2010) ("The term 'rated driver' was not defined in the policy but the identification of plaintiff and his brother as 'rated drivers' clearly distinguished them from the one 'named insured' under the policy, Rental Services."); Farmers Ins. Exchange v. Lawless, 680 F. Supp. 2d 1238, 1242 (D. Nev.

2010) (applying Nevada law and finding that a driver referred to as a "rated driver" in an insurance policy was not a "named insured" and not entitled to stacking); Nationwide Assur. Co. v. Brown, 2008 WL 2434187, at *3 (Tenn. Ct. App. 2008) ("The fact that Ms. Neal was described in the policy's declarations as one of four 'rated drivers' does not change the conclusion that she was not an 'insured' under these circumstances."); Johnson v. First Nat. Ins. Co. of Am., 65 So.3d 693, 696 (La. Ct. App. 2011) (noting that a person identified as a "rated driver" in an insurance policy is "clearly not a named insured" but "is covered as an insured while operating a covered auto"); see also Progressive Am. Ins. v. Jireh House, Inc., 608 F. Supp. 3d 369, 376 (E.D. Va. 2022) (applying Virginia law and finding that a policy's use of the term "rated driver" does not create an ambiguity). Consequently, it is doubtful that the South Carolina Supreme Court would find that the term "Rated Driver" either creates an ambiguity or should be interpreted as being synonymous with "named insured." See Bell, 757 S.E.2d at 404. Reasoning by analogy, the court finds that both binding and persuasive authority leads it to reject Kelly's first argument.

  Kelly's second argument—that he is a named insured because Kelly's Auto Transport, LLC is a named insured—fares even worse than his first argument for two reasons. First, the argument is foreclosed by South Carolina precedent, and the cases cited by Kelly do not alter this conclusion. In Mangum, the South Carolina Court of Appeals held that the sole-shareholders of a corporation were not Class I insureds under a policy that listed the corporation as the named insured. 500 S.E.2d at 127. In so doing, the court expressly rejected the "reverse piercing argument" that the shareholders merged with the corporation for the purpose of identifying a named insured. Id. In contrast,

Kelly offers two cases explaining when to pierce the corporate veil under the alter-ego theory, but neither of these cases have anything to do with identifying a named insured or stacking.  See Peoples Fed. Sav. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club, 425 S.E.2d 764, 774 (S.C. Ct. App. 1992); Baker v. Equitable Leasing Corp., 271 S.E.2d 596, 600 (S.C. 1980).  Consequently, the court must reject Kelly's reverse piercing argument.[3] See Mangum, S.E.2d at 127–28; see also Concrete Servs., Inc., 498 S.E.2d at 866 (holding that the spouse of a corporation's sole-shareholder is not a Class I insured in a policy that listed the corporation as the named insured).

Second, finding that Kelly is not the named insured does not contravene South Carolina's stated public policy preferences.  Essentially, Kelly argues that Kelly's Auto Transport, LLC paid for UM bodily injury coverage in the Policy, and he says that it would, therefore, violate public policy to consider Kelly's Auto Transport, LLC as the sole named insured when Kelly's Auto Transport, LLC cannot suffer a bodily injury.  ECF No. 15 at 5.  In Concrete Services, the South Carolina Supreme Court noted that it is not meaningless to provide coverage for bodily injuries in an auto insurance policy, which lists a corporation as the named insured because such a policy "provides coverage to Class II insured, i.e., persons using a vehicle which is covered under the terms of the

---

[3] It is a little ironic that Kelly, as the sole-member of an LLC, is arguing in favor of a theory typically used to pierce limited liability protections.  While he is correct that the alter-ego theory is characteristically used to prevent "an injustice to an injured party who would not be able to adequately recover[] and would contravene public policy," ECF No. 15 at 4, the "injured party" in an alter-ego theory case is not typically the entity behind a limited liability veil.  See, e.g., Drury Dev. Corp. v. Found. Ins., 668 S.E.2d 798, 800–01 (S.C. 2008) (outlining the equitable principals underlying piercing the corporate veil).  Rather, this theory of equitable relief is typically used by those who have been injured by those behind limited liability protections.  See id.  In fact, "some misuse of control" by the entity behind the veil is often a prerequisite to bringing such a case.  Peoples Fed. Sav. & Loan Ass'n, 425 S.E.2d at 774.

policy." Id. at 867.  Likewise, as Progressive pointed out during the hearing on this matter, Kelly is covered as a Class II insured while driving a vehicle covered under the Policy on behalf of the Policy's "named insured," Kelly's Auto Transport, LLC.  See ECF No. 10-2 at 2.  For example, if, at the time of the accident, Kelly had been driving the Pro, which both parties agree is covered by the Policy, Progressive would have been obligated to provide Kelly coverage for his bodily injuries, even if Kelly were not listed as the "named insured."  See ECF No. 10-2 at 1 (listing UM coverage for bodily injuries in the Policy).  Consequently, considering Kelly's Auto Transport, LLC as the only "named insured" does not render the Policy's bodily injury protections meaningless.  See Concrete Servs., 498 S.E.2d at 867.  Thus, the Policy does not violate South Carolina public policy.[4]

      For these reasons, the court finds that there are no issues of genuine material fact, and Kelly is not the "named insured" under the Policy as a matter of law.  Consequently, he is not a Class I insured and is not eligible to stack coverage from the Pro.  See Mangum, 500 S.E.2d at 127–28.  The court concludes that under South Carolina precedent, Kelly is not a Class I insured and is therefore not eligible to stack coverage from the Pro.

---

[4] During the hearing, Kelly attempted to further his argument by, for the first time, citing to the South Carolina Supreme Court's recent decision in Nationwide Affinity Insurance Co. of America v. Green, 886 S.E.2d 225 (S.C. 2023).  ECF No. 17. In that case, the court held that S.C. Code Ann. "Section 38-77-160 requires insurers to offer [underinsured motorist] property damage coverage, and insurers may not limit that coverage to vehicles defined in a policy as 'covered autos.'" Id. at 228.  The court's holding in Green is inapposite.  The issue here is whether Kelly is a named insured in his policy, not whether coverage is being limited to only vehicles listed as "covered autos."

## IV.   CONCLUSION

For the reasons set forth above, the court grants Progressive's motion for summary judgment, ECF No. 10.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October, 19 2023
Charleston, South Carolina**